**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION – COLUMBUS**

| | | |
|---|---|---|
| **JENNIFER JARRELL,** | : | **Case No.** |
| **145 Spring Park Place** | : | |
| **Columbus, Ohio 43230** | : | **Judge** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **FRANKLIN COUNTY** | : | **JURY DEMAND ENDORSED HEREON** |
| **DEPARTMENT OF JOBS AND** | : | |
| **FAMILY SERVICES,** | : | |
| **1721 Northland Park Ave.** | : | |
| **Columbus, Ohio 43229** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Now comes Plaintiff Jennifer Jarrell (hereafter "Plaintiff"), by and through undersigned counsel, and for her Complaint against Defendant Franklin County Department of Jobs and Family Services (hereafter "Defendant"), states and avers as follows:

## THE PARTIES

1.      Plaintiff Jennifer Jarrell is a resident of the State of Ohio, County of Franklin.

2.      Defendant Franklin County Department of Jobs and Family Services is a County agency which operates in Franklin County.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court is invoked pursuant to 29 USCS §§ 2611 et seq., 42 U.S.C. § 12111, and 28 USC Section 1331. Jurisdiction over the state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District of Ohio Eastern Division because the unlawful discrimination and employment practices alleged below were committed within Franklin County, Ohio.

5.     At all times alleged herein, Plaintiff was an "Employee" of Defendant as the same has been defined by the Family and Medical Leave Act ("FMLA"), 29 USC § 2611(2), the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(4), and Ohio Title 4112.

6.     At all times pertinent hereto, Defendant was an "Employer" within the meaning of FMLA, 29 USC § 2611(4), the Americans with Disabilities Act of 1990, as amended, 42 USCS § 12111(5), and Ohio Title 4112.

7.     Plaintiff satisfied all prerequisites for filing a lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission. A copy of the "EEOC Notice" is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

8.     Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

9.     Plaintiff worked for Defendant for more than 20 years. Most recently, Plaintiff worked as a Fraud Investigator.

10.     As a Fraud Investigator, Plaintiff investigated reports of fraud in public assistance programs such as SNAP, Medicaid, TANF, public assistance for child care, unemployment, and other government programs.

11.     In late 2023, Plaintiff was on approved leave pursuant to the Family Medical Leave Act ("FMLA") for a medical condition.

12.     Plaintiff returned to work on November 6, 2023.

13.     Shortly after Plaintiff returned to work, she requested an accommodation pursuant to her disability.

14.     Plaintiff is bipolar, has PTSD, and anxiety.

15.     Plaintiff's supervisor, Bryan Watkins, required all the employees he supervised to have their cameras on during zoom meetings while they were teleworking.

16.     Turning on Plaintiff's camera during zoom meetings exacerbated Plaintiff's disability. Pursuant to her disability, Plaintiff requested to keep her camera off during meetings.

17.     Defendant required Plaintiff to work in person to accommodate her disability because Plaintiff was unable to turn her camera on during zoom meetings.

18.     Plaintiff returned to in person work in November 2023.

19.     After Plaintiff requested an accommodation pursuant to her disability, Defendant required Plaintiff undergo a "fitness for duty" examination because Watkins reported that Plaintiff had displayed "unprofessional behavior" and "confusion with policies and procedures" since her return to work.

20.     Watkins comments related to Plaintiff's disability and her inability to turn her camera on during zoom meetings.

21.     On February 14, 2024, Plaintiff underwent a medical examination by Dr. Michael Murphy. Dr. Murphy concluded Plaintiff was fully capable of performing her job duties and that Defendant should make efforts to build rapport and provide constructive feedback to Plaintiff.

22.     Plaintiff reported to Human Resources and to her coworkers that Watkins was treating her differently because of her disability.

23.     After Dr. Murphy determined Plaintiff was capable of performing her job duties, Watkins continued to take issue with Plaintiff's performance.

24.     On April 2, 2024, Watkins counseled Plaintiff for attendance, timekeeping, incivility, and insubordination issues that he alleged took placed in February and March 2024.

25.     Defendant's progressive disciplinary process begins with informal counseling.

26.     On April 15, 2024 Watkins issued a Verbal Reprimand to Plaintiff for Neglect of Duty, Insubordination, and Failure of Good Behavior. Watkins issued this Verbal Reprimand to Plaintiff because she sent emails to Human Resources and other coworkers and informed them that Watkins was treating her differently than her coworkers because of her disability.

27.     On May 7, 2024 Watkins issued Plaintiff a Written Reprimand for Neglect of Duty for allegedly failing to perform her assigned duties.

28.     Plaintiff did not fail to perform her job duties.

29.     Plaintiff was forced to take extended medical leave in May 2024 resulting from Defendant's continued disciplinary actions.

30.     On December 17, 2024, Defendant terminated Plaintiff's employment.

### COUNT I – FMLA RETALIATION
**Family and Medical Leave Act, 29 USCS § 2611, et seq.**

31.     Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

32.     At the time of Plaintiff's termination Plaintiff was qualified to perform the job duties for her position.

33.     Plaintiff exercised her rights under 29 § USCS 2611, et seq. and engaged in a protected activity.

34.     Plaintiff suffered an adverse employment action and was terminated due to her use of FMLA.

35.     Defendant treated similarly situated employees who did not use FMLA more favorably and those employees were not terminated.

36.     By terminating Plaintiff, Defendant retaliated against Plaintiff for taking FMLA leave.

37.     As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

### COUNT II – DISABILITY DISCRIMINATION
**Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. & Ohio Title 4112**

38.     Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

39.     The Americans with Disability Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112 and Ohio § 4112.

40.     Plaintiff is disabled as defined by the ADA and Ohio § 4112.

41.     Plaintiff is qualified, with or without reasonable accommodation to perform the essential functions of his job.

42.     By treating Plaintiff differently than similarly situated nondisabled employees and issuing discipline to Plaintiff, Defendant discriminated against Plaintiff on the basis of her disability.

43.     Defendant's discriminatory actions were motivated by discriminatory animus towards Plaintiff's disability.

5

44.     As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

45.     As a result of Defendant's disparate treatment, Plaintiff was treated differently than similarly situated employees without disabilities.

46.     As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101 and Ohio § 4112 and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial

### COUNT III - RETALIATION
**Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. & Ohio Title 4112**

47.     Plaintiff hereby incorporates the preceding allegations set forth above as if fully rewritten herein.

48.     Following Plaintiff's reports to Defendant about being treated differently than her nondisabled coworkers, Defendant terminated Plaintiff.

49.     Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

50.     Defendant's actions constitute retaliation as prohibited by Ohio Title 4112. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff Jennifer Jarrell prays for judgment against Defendant Franklin County Department of Jobs and Family Services, for compensatory and punitive damages,

6

including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst

Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:    (614) 232-8692
Facsimile:    (614) 469-7170
Email: Erica@ksrlegal.com
          ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER, & ROWE CO., L.P.A.

/s/ Erica Ann Probst

Erica Ann Probst #0073486
Andrea L. Salvino #0097768
88 West Mound Street
Columbus, Ohio 43215
(614) 224-2678
(614) 469-7170 (fax)
Email: Erica@ksrlegal.com
          ASalvino@ksrlegal.com

*Counsel for Plaintiff*